### HAYS vs. HAYS.

The parties to an action for divorce are entitled to testify in their own behalf.

APPEAL from the Circuit Court for *Green Lake* County.

Action for divorce. The defendant appealed from a judgment for the plaintiff. The only question presented by the record is sufficiently stated in the opinion.

*Hamilton & Perkins*, for appellant, cited secs. 1 and 2, ch. 134, Laws of 1858; *Barnes v. Martin,*, 15 Wis., 240; *Shoemaker v. McKee*, 19 How. Pr. R., 86; *P———— v. P————*, 24 id., 197; *Chamberlain v. The People*, 23 N. Y., 85; *Marsh v. Potter*, 30 Barb., 506.

*Peter B. Kissam*, for respondent, cited 2 Kent (10th ed.), 184, 185; 1 Blacks. Com., 444; *Stein v. Bowman*, 13 Peters, 209; *Fitch v. Hill*, 11 Mass., 286; *Barnes v. Camack*, 1 Barb. S. C.), 392; 1 Greenl. Ev., §§ 334, 343; *Schœffler v. The*

*State*, 3 Wis., 844–45 ; *Erwin v. Smaller*, 2 Sandf., 340 ; *Arborgast v. Arborgast*, 8 How. Pr. R., 297 ; Sedgw. on Stat. and Con. Law, 314.

*By the Court*, DOWNER, J. The only question in this case is, did the court below err in refusing to permit the defendant to be sworn as a witness in her own behalf? It is contended that sec. 2, ch. 134, Laws of 1858, has made the parties in actions for divorce competent witnesses. The statute reads: " A party to a civil action or proceeding may be examined as a witness in his or her own behalf on the trial, except," &c. The statute is very broad. It enumerates certain exceptions to the general rule, which is equivalent to the exclusion of all others. *Expressio unius est exclusio alterius.* Actions for divorce are not within the exceptions. We cannot make an exception where the statute has made none, and must hold that the defendant had a right to be examined on her own behalf.

Judgment of the court below reversed, with costs, and a new trial ordered.